IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| REGI RESHALL MCCORKLE | § § § |
| *Plaintiff,* | § § |
| v. | §  CIVIL ACTION NO._____ § |
| RADAMES SANTIESTEBAN LOPEZ, SR. and HOLGUIN TRANSPORT SERVICE, CORPORATION, | § § § § § |
| *Defendants.* | § |

### DEFENDANTS RADAMES SANTIESTEBAN LOPEZ, SR. and HOLGUIN TRANSPORT SERVICE, CORPORATION'S NOTICE OF REMOVAL

TO THE HONORABLE COURT, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, ABILENE DIVISION:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Radames Santiesteban Lopez, Sr. and Holguin Transport Service, Corporation ("Defendants") in Cause No. 21586, pending in the 42nd District Court, Callahan County, Texas, file this Notice of Removal from that court to the United States District Court for the Northern District of Texas, Abilene Division, on the basis that federal diversity jurisdiction exists. In support thereof, Defendants show this Court as follows:

### I.
### FACTUAL BACKGROUND

1.1   This case arises out of an incident that occurred on August 19, 2017, wherein Plaintiff Regi Reshall McCorkle alleges she was involved in a motor vehicle collision with Defendant Radames Santiesteban Lopez, Sr. (Ex. 2C, p. 2).

1.2     On March 4, 2019, Plaintiff filed her Original Petition in the matter styled *Regi Reshall McCorkle v. Radames Santiesteban Lopez, Sr. and Holguin Transport Service, Corporation*, Cause No. 21586, in 42nd District Court, Callahan County, Texas. (Ex. 2C, p. 1).

1.3.    Plaintiff served Radames Santiesteban Lopez, Sr. with citation on March 7, 2019. (Ex. 2D, 2F). Plaintiff served Holguin Transport Service Corporation ("Holguin Transport") through its registered agent, Omar Yon. (2E).

1.4     Defendants filed an Answer on March 29, 2019. (Ex. 2G).

1.5.    Defendants file this Notice of Removal within the thirty-day time period required by 28 U. S. C. § 1446(b).

## II.
## BASIS FOR REMOVAL

2.1     Defendants remove this case to federal court pursuant to 28 U.S.C §§1332(a)(1), 1441(a), and 1446, because the requirements for federal diversity jurisdiction are satisfied.

**A.    VENUE IS PROPER**

2.2     The United States District Court for the Northern District of Texas, Abilene Division is the proper venue for removal of the state court action pursuant to 28 U.S.C. §1441(a), because the 42nd District Court is located within the jurisdiction of the United States District Court for the Northern District of Texas, Abilene Division.

**B.    THERE IS COMPLETE DIVERSITY**

2.3     To be removable on the basis of diversity jurisdiction, a suit must involve a controversy between the following: (1) citizens of different states; (2) citizens of a state and citizens or subjects of a foreign state; (3) citizens of different states when citizens or subjects of a foreign state are additional parties; or (4) a foreign state as a plaintiff and citizens of a state or different states. *See* 28 U.S.C § 1332(a). Diversity under § 1332(a)(1)1 must be complete, such

that each plaintiff must have citizenship different from that of each defendant. *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985). Here, the undisputed evidence establishes that complete diversity exists amongst the parties.

2.4     For diversity purposes, a natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *Underwood Res., LLC v. Brigadier Oil & Gas, LLC*, 3:15-CV-1024-L, 2015 WL 11120876, at *1 (N.D. Tex. June 18, 2015). According to Plaintiff's Original Petition, she resides in Taylor County, Texas (Ex. 2C, p. 1).

2.5     For purposes of diversity jurisdiction, a corporation is generally deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. *See* 28 U.S.C § 1332(c); *see, e.g., Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). A corporation's principal place of business is determined using the nerve-center test. *Friend*, 559 U.S. at 92-93. The nerve-center test looks to where the corporation's high-level officers direct, control, and coordinate the corporation's activities. *See id.*

2.6     Radames Santiesteban Lopez, Sr. is domiciled in Hialeah Gardens, Florida. (Ex. 3, p. 1, ¶ 2-3).

2.7     Holguin Transport is a non-resident of Texas (Ex. 4, p. 1-2, ¶ 3-4). Holguin Transport's principal place of business is in Haileah Gardens, Florida (Ex. 4, p. 1-2, ¶ 3-4). Holguin Transport's directors and officers, and the books and records are located in Haileah Gardens, Florida. (Ex. 4, p. 1-2, ¶ 3-4). Holguin Transport's officers direct, control, and coordinate Holguin Transport's activities from Haileah Gardens, Florida. (Ex. 4, p. 1-2, ¶ 3-4).

2.8     Holguin Transport is not incorporated in Texas, and its principal place of business is not located in Texas. Thus, Holguin Transport is not a citizen of Texas but of Florida.

Radames is not a citizen of Texas, but is a citizen of Florida. Since neither Holguin Transport nor Lopez are citizens of Texas, the forum state and where Plaintiff is a citizen, the undisputed facts establish there is complete diversity and this case is removable.

## C.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

2.9   In order to remove a case to federal court on the basis of diversity jurisdiction, a defendant must establish that the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C §1332(a); *e.g., Freeland v. Liberty Mut. Fire Ins.*, 632 F.3d 250, 252-53 (6th Cir. 2011). A defendant's amount in controversy allegation should be accepted when it is not contested by the plaintiff or questioned by the court. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014). Courts generally look to a plaintiff's initial pleadings to determine if the amount in controversy requirement has been met. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938); *Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F.2d 252 (5th Cir.1961); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir.1994). The amount in controversy alleged in plaintiff's state court complaint, if sufficient to meet the jurisdictional requirements of § 1332, is presumed correct. *Smith v. Am. Gen. Life & Acc. Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). This is based on the assumption that a plaintiff would not fabricate the amount in controversy to meet the federal diversity jurisdiction requirements and then file her suit in state court relying on the defendant to remove the case to federal court. *See id.* A defendant may establish the minimal amount in controversy requirement by showing: (1) that it is apparent from the face of the complaint that the claims are likely to exceed the jurisdictional minimum; or (2) evidence of facts in controversy supporting a finding of the requisite amount. *Louque v. Allstate* Ins. Co., 314 F.3d 776, 779 (5th Cir. 2002).

2.10    In her Original Petition, Plaintiff affirmatively alleges she "seeks monetary relief, the maximum of which is over $100,000 but not more than $200,000.00." (Ex. 2C, p. 6-7, ¶ VIII). Plaintiff alleges she was involved in a motor vehicular collision, which forms the basis of this lawsuit. (Ex. 2C, p. 2, ¶ IV).   As a result, Plaintiff seeks damages for past and future medical expenses, past and future physical pain, past and future mental anguish, past and future disfigurement, and past and future impairment. (Ex. 2C, p. 5 ¶ VII).

2.11    It is apparent from the face of Plaintiff's Original Petition that the amount in controversy exceeds the jurisdictional requirements for subject matter jurisdiction, as it is over $75,000. (Ex. 2C, p. 6-7, ¶ VIII).

## III.
## JURY DEMAND

3.1    In Plaintiff's Original Petition, Plaintiff demanded a trial by jury (Ex. 2C, p. 6 ¶ X).

## IV.
## DOCUMENTS AND EXHIBITS ACCOMPANYING REMOVAL

4.1    Simultaneously with the filing of this Notice of Removal, attached hereto as Exhibit 1 is an index of all documents attached hereto.

4.2A.   Attached hereto as Exhibit 2A is a copy of the Docket Sheet of Cause No. 21586, pending in the 42nd District Court, Callahan County, Texas.

4.2B    Attached hereto as Exhibit 2B is a copy of the Civil Case Information Sheet that was filed on March 4, 2019.

4.2C    Attached hereto as Exhibit 2C is a copy of Plaintiff's Original Petition and Request for Disclosure that was filed on March 4, 2019.

4.2D Attached hereto as Exhibit 2D is a copy of the Civil Citation to Defendant Radames Santiesteban Lopez Sr. issued on March 4, 2019.

4.2E Attached hereto as Exhibit 2E is a copy of the Civil Citation to Defendant Holguin Transport Service Corporation issued on March 4, 2019.

4.2F Attached hereto as Exhibit 2F is the Return of Service dated March 7, 2019.

4.2G Attached hereto as Exhibit 2G is a copy of Defendants Radames Santiesteban Lopez, Sr., and Holguin Transport Service, Corporation's Original Answer and Request for Disclosure filed on March 29, 2019.

4.2H Attached hereto as Exhibit 2H is a copy of Plaintiffs' Letter Requested Service dated March 4, 2019.

4.3 Attached hereto as Exhibit 3 is the Affidavit of Radames Santiesteban Lopez.

4.4 Attached hereto as Exhibit 4 is the Affidavit of Omar Yon, President of Holguin Transport Service, Corporation.

4.5 Attached hereto as Exhibit 5 is Holguin Transport Service, Corporation's Articles of Incorporation, filed on June 13, 2005.

4.6 Attached hereto as Exhibit 6 is Holguin Transport Service, Corporation's Annual Report filed on June 20, 2006.

4.7 Attached hereto as Exhibit 7 and filed contemporaneously with this Notice of Removal, is the Civil Case Information Sheet.

4.8 Attached hereto as Exhibit 8 and filed contemporaneously with this Notice of Removal, is the Supplemental Civil Cover Sheet for Cases Removed From State Court.

4.9 Attached hereto as Exhibit 9 and filed contemporaneously with this Notice of Removal, is the Certificate of Interested Persons.

# V.
# CONCLUSION

5.1     Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendants Radames Santiesteban Lopez, Sr. and Holguin Transport Service, Corporation's hereby remove this case to the United States District Court for the Northern District of Texas, Abilene Division for trial and determination.

                         Respectfully submitted,

                         THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:     */s/ David A. McFarland*
       David A. McFarland
       State Bar No. 00791223
       Plaza of the Americas
       700 N. Pearl St., 25TH Floor
       Dallas, Texas 75201
       Telephone: (214) 871-8200
       Facsimile: (214) 871-8209
       Email: dmcfarland@thompsoncoe.com

       **ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record through electronic notice provided by the United States Court for the Northern District of Texas under Loc. R. N.D. Tex. 5.1(d) on this 5th day of April, 2019, pursuant to FED. R. CIV. P. 5(D).

                                              */s/ David A. McFarland*
                                              David A. McFarland